UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Alexander Gomez,

Plaintiff,

vs.

Weinbrown Realty Company LLC and Steinway LPC, Corp.,

Defendants.

## COMPLAINT

Plaintiff, ALEXANDER GOMEZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, WEINBROWN REALTY COMPANY LLC and STEINWAY LPC, CORP. (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant/bar located at 32-25 Steinway Street, Astoria, NY 11103 doing business as "LUNERA" (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Eastern District.

## PARTIES

**4.** Plaintiff, ALEXANDER GOMEZ, is over the age of 18, *sui juris*, and a resident of Bronx County, New York. Plaintiff suffers from a spinal cord T-12 injury, uses a wheelchair for mobility, and is a qualified individual under the ADA.

**5.** Defendant, WEINBROWN REALTY COMPANY LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, WEINBROWN REALTY COMPANY LLC, is the owner of the Subject Premises.

**6.** Defendant, STEINWAY LPC, CORP., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district, and is the owner/operator of the restaurant/bar "LUNERA" located at the Subject Premises.

**7.** Pursuant to New York State Liquor Authority records, Defendant, STEINWAY LPC, CORP., d/b/a "LUNERA MODERN MEXICAN" was issued an On Premises Liquor license on January 29, 2026 for the Subject Premises.

**8.** LUNERA is a restaurant and bar offering a variety of food and beverage items, including specialty cocktails and other alcoholic and non-alcoholic beverages, to members of the general public in a dining and social setting. The establishment provides customers with the ability to enter the premises, be seated, and purchase food and beverages in a public accommodation intended for on-site dining and socializing. LUNERA is located at 32-25 Steinway Street in Astoria, Queens, along a busy commercial corridor containing numerous restaurants, bars, cafés, neighborhood shops, and other retail and entertainment establishments. The Plaintiff appreciates the food and beverage offerings and atmosphere provided at LUNERA, as well as the opportunity to patronize the establishment while dining, shopping, and conducting other business in the

surrounding Astoria area. However, despite the Plaintiff's interest in patronizing the establishment, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

**9.** Most recently on or about September 28, 2026, Plaintiff visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

**10.** Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

**11.** Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

**12.** Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

**13.** Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with

both the 1991 Standards and the 2010 Standards.

**14.** The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

**15.** Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

**16.** Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

**17.** Most recently on or about September 28, 2026, Plaintiff accessed the Subject Premises but was unable to do so equally due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

**18.** Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

**19.** Plaintiff has family members, including cousins, who reside in the Astoria area of Queens, New York. Plaintiff regularly spends time with his cousins and frequently stays at their residence approximately three days per week. During these visits, Plaintiff and his family members regularly spend time together in the surrounding Astoria neighborhood, particularly in areas containing numerous restaurants, bars, lounges, and other establishments offering dining, entertainment, and recreational opportunities. Plaintiff enjoys spending time in this area because

of its variety of establishments and its convenient proximity to his cousins' residence.

**20.** Plaintiff regularly frequents the Astoria area at least twice per week to dine, socialize, and spend time with family members. LUNERA is located approximately thirteen minutes from his cousins' residence, making it a convenient destination during his frequent stays in the neighborhood. Plaintiff appreciates the food and beverage offerings, specialty cocktails, and social atmosphere provided at LUNERA and is interested in patronizing the establishment while spending time with his family and enjoying the surrounding neighborhood.

**21.** On or about September 28, 2026, Plaintiff personally visited and entered the Subject Premises with the intent to access and enjoy the goods and services offered at LUNERA. During his visit, Plaintiff encountered architectural barriers that interfered with his ability to independently and equally access the establishment. These barriers restricted his ability to safely and conveniently navigate the accessible parking area and the route leading to the establishment, thereby interfering with his ability to fully enjoy the dining and social experience available to customers without disabilities.

**22.** Plaintiff remains interested in returning to LUNERA to dine, socialize, and spend time with his family members. Because Plaintiff regularly stays with his cousins approximately three days per week and frequents the surrounding Astoria area at least twice per week, he has frequent and ongoing opportunities to return to the Subject Premises. Plaintiff intends to return to LUNERA as soon as the architectural barriers are removed and the establishment is made accessible to individuals who use wheelchairs. His intent to return is genuine, concrete, and ongoing, particularly given his established pattern of spending time in the immediate vicinity of the Subject Premises.

**COUNT I**
**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**
**(Against All Defendants)**

**23.** Plaintiff restates Paragraphs 1-22 as though fully set forth herein.

**24.** Defendants, WEINBROWN REALTY COMPANY LLC and STEINWAY LPC, CORP., have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

**25.** WEINBROWN REALTY COMPANY LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

**26.** STEINWAY LPC, CORP., as the owner and/or operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**27.** Plaintiff personally visited and entered the Subject Premises and encountered architectural barriers that interfered with his ability to independently and equally access the establishment. Under controlling Second Circuit authority, once a plaintiff establishes standing as to at least one barrier affecting the plaintiff's disability, the plaintiff may challenge all other barriers within the premises related to that disability, even if the plaintiff was unable to personally encounter each interior barrier due to the inaccessible conditions at the entrance. *See Kreisler v. Second Ave. Diner Corp*., 731 F.3d 184, 188-89 (2d Cir. 2013); *Hurley v. Tozzer, Ltd.*, No. 15-CV-2785, 2018 WL 1872194, at *4 (S.D.N.Y. Feb. 2, 2018); *Hashimi v. Baklajian*, No. 25-CV-

2152 (E.D.N.Y. Mar. 4, 2026). Plaintiff's knowledge of the additional interior accessibility barriers is based upon an inspection of the Subject Premises performed by an ADA accessibility consultant retained on Plaintiff's behalf after Plaintiff encountered and was deterred by the inaccessible entrance conditions. Accordingly, Plaintiff properly alleges the interior ADA violations identified herein because such barriers impede full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered at the Subject Premises.

**28.** The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**<u>Entrance and Accessible Routes</u>**

**i. Entrance Vestibule Lacks Required Door Maneuvering Clearance.**
The entrance vestibule does not provide the required maneuvering clearance at the exterior side of the second entrance door. The insufficient clearance interferes with Plaintiff's ability to position his wheelchair, independently operate the door, and maneuver through the entrance. This condition violates the 2010 ADA Standards §§ 206.4, 404.2.4, and 404.2.4.1. Reconfiguring the entrance vestibule to provide compliant door maneuvering clearance is readily achievable.

**ii. Entrance Vestibule Lacks Required Clearance Between Doors.**
The two doors in series at the restaurant entrance do not provide the required minimum separation of 48 inches plus the width of any door swinging into the intervening space. The insufficient separation prevents Plaintiff from safely maneuvering his wheelchair between the doors and independently entering or exiting the restaurant. This condition violates the 2010 ADA Standards § 404.2.6. Reconfiguring the entrance vestibule to provide compliant separation between the doors is readily achievable.

**<u>Bar Area</u>**

**iii. Bar Counter Lacks a Compliant Accessible Section.**
The bar counter exceeds the maximum permitted accessible height of 34 inches and does not provide the required knee and toe clearance or an accessible portion for wheelchair users. These conditions prevent Plaintiff from positioning his wheelchair at the bar and independently obtaining food and beverage services in a manner comparable to other patrons. These conditions violate the 2010 ADA Standards §§ 226.1, 902.2, 902.3, 306.2,

and 306.3. Modifying the bar counter to provide a compliant accessible section with the required height and knee and toe clearance is readily achievable.

**Dining Areas**

**iv. Dining Areas Lack the Required Number of Accessible Dining Surfaces.**
The barside and main dining areas do not provide the required minimum percentage of accessible dining surfaces. The existing table configurations prevent Plaintiff from independently accessing dining surfaces in these areas while seated in his wheelchair. These conditions violate the 2010 ADA Standards §§ 226.1 and 902. Providing the required number of compliant accessible dining tables in both dining areas is readily achievable.

**v. Dining Tables Lack Required Height and Knee and Toe Clearance.**
The dining tables in the barside dining area exceed the maximum permitted accessible height of 34 inches, and dining tables in both the barside and main dining areas lack the required knee and toe clearance. These conditions prevent Plaintiff from positioning his wheelchair beneath the tables and independently using the dining surfaces. These conditions violate the 2010 ADA Standards §§ 902.2, 902.3, 306.2, and 306.3. Modifying or replacing the affected tables to provide compliant heights and knee and toe clearance is readily achievable.

**Restroom Access**

**vi. Restrooms Lack an Accessible Route Due to a Stairway.**
The restrooms are located along a travel path containing a flight of stairs, without a compliant accessible route for wheelchair users. The stairs prevent Plaintiff from independently reaching and using the restroom facilities. This condition violates the 2010 ADA Standards §§ 206, 206.2.3, and 213.1, subject to the applicable exceptions and requirements for accessible routes between stories. Providing an accessible route to the restrooms or accessible restroom facilities on an accessible level, where readily achievable, would remove this barrier.

**Unisex Restroom**

**vii. Restroom Lacks Required Accessible Signage.**
The unisex restroom does not provide compliant identification signage with the required tactile characters and mounting location. The absence of compliant signage interferes with Plaintiff's ability to independently identify the restroom. This condition violates the 2010 ADA Standards §§ 216.2, 703.1, 703.2, 703.4.1, and 703.4.2. Installing compliant restroom identification signage is readily achievable.

**viii. Restroom Door Lacks Required Clear Opening Width.**
The unisex restroom door does not provide the minimum required clear opening width of 32 inches. The insufficient width interferes with Plaintiff's ability to pass through the doorway while using his wheelchair. This condition violates the 2010 ADA Standards §

404.2.3. Modifying or replacing the restroom door and doorway to provide the required clear opening width is readily achievable.

**ix. Restroom Door Lacks Required Maneuvering Clearance.**
The unisex restroom door does not provide the required maneuvering clearance for wheelchair users. The insufficient clearance interferes with Plaintiff's ability to approach, open, and maneuver through the restroom doorway. This condition violates the 2010 ADA Standards §§ 404.2.4 and 404.2.4.1. Reconfiguring the doorway and surrounding area to provide compliant maneuvering clearance is readily achievable.

**x. Restroom Door Swings into the Required Lavatory Clearance.**
The unisex restroom door swings into the clear floor space required at the lavatory. This encroachment interferes with Plaintiff's ability to position his wheelchair at the lavatory and independently use the sink. This condition violates the 2010 ADA Standards § 603.2.3. Reconfiguring the restroom door swing or the lavatory arrangement to preserve the required clear floor space is readily achievable.

**xi. Restroom Door Lock Exceeds the Maximum Permitted Height.**
The door lock in the unisex restroom is mounted above the maximum permitted height of 48 inches from the finished floor. The excessive height interferes with Plaintiff's ability to independently reach and operate the lock while seated in his wheelchair. This condition violates the 2010 ADA Standards § 404.2.7. Relocating or replacing the lock at a compliant accessible height is readily achievable.

**xii. Restroom Lacks Required Wheelchair Turning Space.**
The unisex restroom does not provide the required minimum wheelchair turning space. The insufficient space prevents Plaintiff from independently turning and repositioning his wheelchair within the restroom. This condition violates the 2010 ADA Standards §§ 603.2.1 and 304.3. Reconfiguring the restroom to provide compliant wheelchair turning space is readily achievable.

**xiii. Lavatory Lacks Required Clear Floor Space.**
The unisex restroom lavatory does not provide the required minimum clear floor space of 30 inches by 48 inches for a forward wheelchair approach. The insufficient space interferes with Plaintiff's ability to position his wheelchair at the lavatory and independently use the sink. This condition violates the 2010 ADA Standards §§ 305.3 and 606.2. Reconfiguring the lavatory and surrounding area to provide the required clear floor space is readily achievable.

**xiv. Lavatory Lacks Required Knee and Toe Clearance.**
The lavatory does not provide the required knee and toe clearance because of the existing support structure beneath the countertop. The obstruction prevents Plaintiff from positioning his wheelchair beneath the lavatory and independently using the sink. This condition violates the 2010 ADA Standards §§ 306.2, 306.3, and 606.2. Modifying or replacing the lavatory support structure to provide compliant knee and toe clearance is readily achievable.

**xv. Lavatory Has Exposed and Uninsulated Pipes.**
The water supply and drain pipes beneath the lavatory are exposed and lack the required insulation or protective covering. These conditions expose Plaintiff's legs to potential contact with the plumbing while using the lavatory from his wheelchair. This condition violates the 2010 ADA Standards § 606.5. Insulating or otherwise protecting the exposed pipes is readily achievable.

**xvi. Accessible Route to the Toilet Lacks Required Clear Width.**
The travel path leading to the toilet within the unisex restroom does not provide the required minimum clear width of 36 inches. The insufficient clearance interferes with Plaintiff's ability to maneuver his wheelchair toward the toilet and position himself for a transfer. This condition violates the 2010 ADA Standards §§ 403.5.1 and 402. Reconfiguring the affected area to provide compliant accessible route clearance is readily achievable.

**xvii. Toilet Lacks Required Grab Bars.**
The toilet does not provide the required rear wall and side wall grab bars. The absence of these grab bars deprives Plaintiff of the support and stability necessary to safely transfer between his wheelchair and the toilet. These conditions violate the 2010 ADA Standards §§ 604.5, 604.5.1, and 604.5.2. Installing compliant rear wall and side wall grab bars is readily achievable.

**xviii. Toilet is Improperly Positioned in Relation to the Side Wall.**
The toilet is not positioned within the required distance of 16 to 18 inches from the adjacent side wall, measured from the toilet centerline. The improper positioning interferes with Plaintiff's ability to safely position his wheelchair and transfer onto and off the toilet. This condition violates the 2010 ADA Standards § 604.2. Relocating the toilet to provide compliant positioning in relation to the side wall is readily achievable.

**<u>Women's Restroom</u>**

**xix. Restroom Lacks Required Accessible Signage.**
The women's restroom does not provide compliant identification signage with the required tactile characters and mounting location. The absence of compliant signage interferes with the ability of individuals with disabilities to independently identify the restroom. This condition violates the 2010 ADA Standards §§ 216.2, 703.1, 703.2, 703.4.1, and 703.4.2. Installing compliant restroom identification signage is readily achievable.

**xx. Restroom Door Lacks Required Maneuvering Clearance.**
The women's restroom door does not provide the required maneuvering clearance for wheelchair users. The insufficient clearance interferes with the ability of wheelchair users to independently approach, open, and maneuver through the restroom doorway. This condition violates the 2010 ADA Standards §§ 404.2.4 and 404.2.4.1. Reconfiguring the doorway and surrounding area to provide compliant maneuvering clearance is readily achievable.

**xxi. Restroom Door Swings into the Required Lavatory Clearance.**
The women's restroom door swings into the clear floor space required at the lavatory. This encroachment interferes with the ability of wheelchair users to position themselves at the lavatory and independently use the sink. This condition violates the 2010 ADA Standards § 603.2.3. Reconfiguring the restroom door swing or lavatory arrangement to preserve the required clear floor space is readily achievable.

**xxii. Restroom Door Lock Exceeds the Maximum Permitted Height.**
The door lock in the women's restroom is mounted above the maximum permitted height of 48 inches from the finished floor. The excessive height interferes with the ability of wheelchair users to independently reach and operate the lock. This condition violates the 2010 ADA Standards § 404.2.7. Relocating or replacing the lock at a compliant accessible height is readily achievable.

**xxiii. Restroom Lacks Required Wheelchair Turning Space.**
The women's restroom does not provide the required minimum wheelchair turning space. The insufficient space interferes with the ability of wheelchair users to independently turn and reposition their wheelchairs within the restroom. This condition violates the 2010 ADA Standards §§ 603.2.1 and 304.3. Reconfiguring the restroom to provide compliant wheelchair turning space is readily achievable.

**xxiv. Lavatory Lacks Required Clear Floor Space.**
The women's restroom lavatory does not provide the required minimum clear floor space of 30 inches by 48 inches for a forward wheelchair approach. The insufficient space interferes with the ability of wheelchair users to position themselves at the lavatory and independently use the sink. This condition violates the 2010 ADA Standards §§ 305.3 and 606.2. Reconfiguring the lavatory and surrounding area to provide compliant clear floor space is readily achievable.

**xxv. Lavatory Lacks Required Knee and Toe Clearance.**
The lavatory does not provide the required knee and toe clearance beneath the sink. The existing configuration obstructs the space necessary for wheelchair users to position themselves beneath the lavatory and independently use the sink. This condition violates the 2010 ADA Standards §§ 306.2, 306.3, and 606.2. Modifying or replacing the lavatory to provide compliant knee and toe clearance is readily achievable.

**xxvi. Lavatory Exceeds the Maximum Permitted Height.**
The lavatory is mounted above the maximum permitted height of 34 inches, measured from the finished floor to the higher of the lavatory rim or countertop. The excessive height interferes with the ability of wheelchair users to independently reach and use the lavatory. This condition violates the 2010 ADA Standards § 606.3. Lowering or replacing the lavatory to provide a compliant accessible height is readily achievable.

**xxvii. Restroom Mirror Exceeds the Maximum Permitted Height.**
The restroom mirror is mounted above the maximum permitted accessible height. The excessive mounting height interferes with the ability of wheelchair users to independently

use the mirror while seated in their wheelchairs. This condition violates the 2010 ADA Standards § 603.3. Lowering or replacing the mirror to provide a compliant accessible height is readily achievable.

**xxviii. Toilet Lacks Required Clear Floor Space.**
The toilet does not provide the required minimum clearance of 60 inches measured perpendicular from the side wall and 56 inches measured perpendicular from the rear wall. The insufficient clearance interferes with the ability of wheelchair users to position themselves alongside the toilet and safely transfer between their wheelchairs and the toilet. This condition violates the 2010 ADA Standards §§ 604.3 and 604.3.1. Reconfiguring the restroom to provide compliant toilet clearance is readily achievable.

**xxix. Toilet Lacks Required Grab Bars.**
The toilet does not provide the required rear wall and side wall grab bars. The absence of these grab bars deprives wheelchair users of the support and stability necessary to safely transfer between their wheelchairs and the toilet. These conditions violate the 2010 ADA Standards §§ 604.5, 604.5.1, and 604.5.2. Installing compliant rear wall and side wall grab bars is readily achievable.

**xxx. Restroom Coat Hook Exceeds the Maximum Permitted Reach Height.**
The coat hook in the women's restroom is mounted above the maximum permitted accessible reach height. The excessive height prevents wheelchair users from independently reaching and using the coat hook while seated in their wheelchairs. This condition violates the 2010 ADA Standards §§ 604.8.3 and 308. Relocating the coat hook to a compliant accessible height is readily achievable.

**29.** Plaintiff has accessed the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

**30.** Plaintiff regularly frequents the Astoria area of Queens, New York, where his cousins reside, and stays at their residence approximately three days per week. Plaintiff visits the surrounding neighborhood at least twice per week for dining, shopping, recreation, and socializing with family members. The Subject Premises is located approximately thirteen minutes from his cousins' residence and is within an area that Plaintiff routinely frequents. Plaintiff intends to return

to the Subject Premises as soon as the architectural barriers identified herein are remediated and he can independently access and enjoy the goods and services offered therein..

**31.** The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

**32.** Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

**33.** Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**34.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**35.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the

Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By: /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com